# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>CHRISTOPHER A. LANE,<br><br>Debtor. | Bankr. No. 22-21432-GLT<br><br>Chapter 11 |
| CHRISTOPHER A. LANE,<br><br>Movant,<br>v.<br>INTERNAL REVENUE SERVICE,<br><br>Respondent. | |

**OBJECTION TO CLAIMS OF INTERNAL REVENUE SERVICE [CLAIM Nos. 8 & 22]**

Christopher A. Lane (the "Debtor"), by and through his undersigned counsel, Bernstein-Burkley, P.C., hereby files this *Objection to Claims of Internal Revenue Service [Claim Nos. 8 & 22]* (the "Objection"), and in support thereof, avers as follows:

## BACKGROUND

1. On July 24, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (as amended, the "Bankruptcy Code") in the United State Bankruptcy Court for the Western District of Pennsylvania (the "Court") at Case No. 22-21432-GLT (the "Case").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for relief requested herein are section 502 of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## CLAIM OBJECTION

4. On September 26, 2022, the Internal Revenue Service (the "Claimant") filed a claim against the estate in the amount of $2,600.00 at Claim No. 8 ("Claim 1"). A true and correct copy of Claim 1 is attached as Exhibit "A."

5. Claim 1 seeks recovery for unpaid incomes taxes allegedly due for the tax years 2020 and 2021.

6. In support of its Claim, the Claimant included a Request for Payment of Internal Revenue Taxes (the "Request").

7. On November 17, 2023, the Claimant filed a second claim against the estate in the amount of $2,500.00 at Claim No. 22 ("Claim 2").

8. Claim 2 sought recovery for unpaid income taxes allegedly due for tax year 2022.

9. Claimant amended Claim 2 on April 8, 2024 to seek an additional $3,500.00 for unpaid income taxes allegedly due for tax 2023. A true and correct copy of Claim 2 is attached as Exhibit "B."

10. Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest … objects." 11 U.S.C. § 502(a). A debtor in possession has the duty to object to the allowance of any claim that is improper. 11 U.S.C. § 1106(a)(1).

11. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

12. As to Claim 1, the Debtor does not owe taxes for the years 2020 and 2021. In fact, the Debtor is owed refunds for said years.

13. As for Claim 2, the Debtor does not owe taxes for the years 2022 and 2023 and in fact is owed a refund for tax year 2022. The return for tax year 2023 is not due but the Debtor also expects a return for tax year 2023.

14. As such, the Claimant holds no claim against the Debtor in any amount.

15. Accordingly, the Debtor seeks the entry of an order disallowing and expunging the Claimant's Claim in its entirety.

WHEREFORE, the Debtor respectfully requests that this Honorable Court disallow the $2,600.00 Claim and the $6,00.00 Claim filed by the Internal Revenue Service at Claim No. 8 and Claim No. 22 in its entirety.

Respectfully submitted:

Date: October 18, 2024

BERNSTEIN-BURKLEY, P.C.

By: /s/*David W. Ross*
David W. Ross, Esq., PA ID No. 62202
dross@bernsteinlaw.com
Bernstein-Burkley, P.C.
601 Grant Street, 9th Floor
Pittsburgh, PA 15219-1900
Telephone: (412) 456-8100
Facsimile: (412) 456-8135

*Counsel for the Debtor*