## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>CHRISTOPHER A. LANE,<br><br>Debtor. | Bankr. No. 22-21432-GLT<br><br>Chapter 11 |
| CHRISTOPHER A. LANE,<br><br>Movant,<br>v.<br>MARGOLIS EDELSTEIN,<br><br>Respondent. | |

### OBJECTION TO CLAIM OF MARGOLIS EDELSTEIN [CLAIM No. 10]

Christopher A. Lane (the "Debtor"), by and through his undersigned counsel, Bernstein-Burkley, P.C., hereby files this *Objection to Claim of Margolis Edelstein [Claim No. 10]* (the "Objection"), and in support thereof, avers as follows:

### BACKGROUND

1.      On July 24, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (as amended, the "Bankruptcy Code") in the United State Bankruptcy Court for the Western District of Pennsylvania (the "Court") at Case No. 22-21432-GLT (the "Case").

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over this Objection pursuant to 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for relief requested herein are section 502 of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## CLAIM OBJECTION

4. On October 28, 2022, Margolis Edelstein (the "Claimant") filed a claim against the estate in the amount of $105,852.35 at Claim No. 10 (the "Claim"). A true and correct copy of the Claim is attached as Exhibit "A."

5. The Claim seeks recovery for professional services allegedly performed.

6. In support of its Claim, the Claimant included a copy of the professional services invoices dating August 2021 through March 2022; as well as for May 2022 and July 2022 (the "Professional Services").

7. Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest … objects." 11 U.S.C. § 502(a). A debtor in possession has the duty to object to the allowance of any claim that is improper. 11 U.S.C. § 1106(a)(1).

8. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

9. The Professional Services relied upon by Claimant are services allegedly provided to RLI Solutions Company ("RLI"), an affiliated entity, not for the benefit of the Debtor.

10. RLI has filed for bankruptcy at Case No. 2:22-bk-21375 (the "RLI Bankruptcy"). Claimants filed a duplicative claim for $105,852.35 in the RLI Bankruptcy at Claim No. 38. A true and correct copy of the duplicative claim is attached as Exhibit "B."

11. There is no guaranty or other agreement related to the Claim which might otherwise give rise to the Debtor's liability.

12. Further, the Claim appears inflated and is seeking an amount higher than is otherwise owed. Nonetheless, any monies owed under the Claim is an obligation held by RLI.

13. As such, the Claimant holds no claim against the Debtor in any amount.

14. Accordingly, the Debtor seeks the entry of an order disallowing and expunging the Claimant's Claim in its entirety.

WHEREFORE, the Debtor respectfully requests that this Honorable Court disallow the $105,852.35 Claim filed Margolis Edelstein at Claim No. 10 in its entirety.

Respectfully submitted:

Date: October 18, 2024

BERNSTEIN-BURKLEY, P.C.

By: /s/*David W. Ross*
David W. Ross, Esq., PA ID No. 62202
dross@bernsteinlaw.com
Bernstein-Burkley, P.C.
601 Grant Street, 9th Floor
Pittsburgh, PA 15219-1900
Telephone: (412) 456-8100
Facsimile: (412) 456-8135

*Counsel for the Debtor*